IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**JAMIE R. BLALACK,**

        Plaintiff,                                  Case No.: 21-cv-1356

    v.                                         **JURY TRIAL DEMANDED**

**KOHL'S CORPORATION**
N56W17000 Ridgewood Drive
Menomonee Falls, Wisconsin 53051-5660

        Defendant.

## COMPLAINT

## INTRODUCTION

1. This action arises out of Defendant, Kohls Corporation ("Defendant" or "Kohls"), practice of sending telemarketing text messages to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

2. Plaintiff has never provided Defendant prior express written consent to send telemarketing text messages to her telephone number.

3. Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the text messages.

4. Accordingly, Plaintiff brings this TCPA action under 47 U.S.C. § 227(c).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court has jurisdiction over Defendant because Defendant is incorporated and headquartered in this District, and conducts business transactions in this District and has committed tortious acts in this District.

7. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

8. Plaintiff, Jamie R. Blalack ("Plaintiff"), is, and at all times mentioned herein was, a citizen and resident of Broken Arrow, Oklahoma.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is, and at all times mentioned herein was, a Wisconsin Corporation headquartered at N56W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051-5660.

11. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## GENERAL FACTUAL ALLEGATIONS

12. Defendant, or someone acting on its behalf and at its direction, sends automated text messages marketing its goods and services.

13. These text messages come from short code "56457" and generally offer discounts or special deals that encourage the purchase of products and merchandise.

14. Because each of these text messages were advertising Defendant's products, they constitute telemarketing messages and telephone solicitations.

## PLAINTIFF BLALACK'S FACTUAL ALLEGATIONS

15. Plaintiff is the sole and primary user of a cellular telephone number ending in 7777.

16. Plaintiff's telephone number ending in 7777 has been on the National Do-Not-Call Registry since April 26, 2018.

17. From February 1, 2021 through September 18, 2021, Plaintiff received fifty-three (53) unsolicited telemarketing text messages from Defendant.

18. Plaintiff never provided prior express written consent (or any consent) to Defendant for these text messages.

## DEFENDANT'S LIABILITY

19. Because Defendant's text messages constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom they sent these text messages.

20. "Prior express written consent" is specifically defined by statute as:

[A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice,</u> and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

21. Plaintiff never provided Defendant with any consent, written or otherwise.

22. The TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c).

23. Plaintiff's number was on the National Do-Not-Call Registry prior to the text messages at issue here.

24. While the exact number of texts to Plaintiff's telephone number will be determined in discovery, Plaintiff has received more than two such telemarketing text messages in a 12-month period, as required by 47 C.F.R. § 64.1200(c) for violations of 47 U.S.C § 227(c).

25. Accordingly, for violations of 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c), Plaintiff is entitled to an additional $500.00 per text message.

26. Plaintiff is entitled to an additional $1,500.00 per text message if Defendant's actions are found to be knowing or willful.

27. Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing text messages, including, but not limited to:

- Device storage;
- Data usage;
- Lost time tending to and responding to the unsolicited text messages;
- Invasion of Privacy; and
- Nuisance.

28. These forms of actual injury are sufficient for Article III standing purposes.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)

29. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

30. Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's telephone number.

31. Plaintiff's telephone number was on the National Do-Not-Call Registry at the time of the text messages.

32. Plaintiff received two or more such text messages in a 12-month period.

33. Plaintiff is entitled to an award of $500.00 in statutory damages for each text message pursuant to 47 U.S.C. § 227(c)(5).

34. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each text message made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, prays for the following relief:

A. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c), 47 C.F.R.§ 64.1200(c);

B. An award of injunctive and other equitable relief as necessary to protect the interests of Plaintiff including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of statutory damages;

D. An award of treble damages; and

E. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated this 23rd day of November, 2021.

        **HAWKS QUINDEL, S.C.**
        *Attorneys for Plaintiff, Jamie R. Blalack*

        By: */s/ Nicholas E. Fairweather*
        Nicholas E. Fairweather, State Bar No.: 1036681
        Email: nfairweather@hq-law.com
        409 East Main Street
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: (608) 257-0040
        Facsimile: (608) 256-0236

**THE WEITZ FIRM, LLC**

Max S. Morgan*
Email: max.morgan@theweitzfirm.com
Eric H. Weitz*
Email: eric.weitz@theweitzfirm.com
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Telephone: (267) 587-6240
Facsimile: (215) 689-0875

* *Pro hac vice* application to be filed

*Attorneys for Plaintiff and the putative class*

7