UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| JAMIE R. BLALACK, | ) | |
| Plaintiff | ) | |
| vs. | ) | Case No. 2:21-cv-01356-SCD |
| KOHL'S CORPORATION | ) | |
| Defendant. | ) | |

**DEFENDANT KOHL'S, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Kohl's, Inc., misnamed as Kohl's Corporation (hereinafter "Kohl's" or "Defendant") by and through its attorney, hereby answers the Complaint (the "Complaint") of plaintiff Jamie R. Blalack as follows:

**INTRODUCTION**

1. To the extent that Paragraph 1 of the Complaint states that Plaintiff bases her Complaint on the Telephone Consumer Protection Act 47, U.S.C. § 227 *et seq.* (the "TCPA"), no response is required. Defendant denies that it violated the TCPA or any other statute or law based on the allegations of the Complaint.

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore, denies those allegations.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 7 of the Complaint.

## PARTIES

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore, denies those allegations.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore, denies those allegations.

10. Defendant admits only that it is a business entity located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 11 of the Complaint.

## GENERAL FACTUAL ALLEGATIONS

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore, denies those allegations.

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 14 of the Complaint.

## PLAINTIFF BLALACK'S FACTUAL ALLEGATIONS

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore, denies those allegations.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore, denies those allegations.

17. Paragraph 17 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 18 of the Complaint.

## **DEFENDANT'S LIABILITY**

19. Paragraph 19 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 19 of the Complaint.

20. To the extent that Paragraph 20 of the Complaint purports to reference an unidentified statute, presumably the TCPA, no response is required. Defendant denies that it violated the TCPA or any other statute or law based on the allegations of the Complaint. Paragraph 20 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 21 of the Complaint.

22. To the extent that Paragraph 22 of the Complaint purports to reference the TCPA, no response is required. Paragraph 22 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore, denies those allegations.

24. Paragraph 24 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 28 of the Complaint.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227(c)**

29. Defendant incorporates its responses to the allegations asserted in all previous paragraphs 1 through 28 as though fully set forth herein.

30. Paragraph 30 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint and denies that Plaintiff is entitled to any of the relief that she seeks in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint and denies that Plaintiff is entitled to any of the relief that she seeks in Paragraphs 34 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief she seeks in the WHEREFORE paragraph of the Complaint, including subparagraphs a through e and denies that it violated the TCPA, or any other statute or law based on the allegations of the Complaint.

## AFFIRMATIVE DEFENSES

By way of further response, Defendant alleges the following affirmative defenses and claims to the Complaint:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has failed to join necessary and indispensable parties in this action.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Fifth Affirmative Defense

Plaintiff's claims under the TCPA are unconstitutional.

### Sixth Affirmative Defense

Plaintiff's claims against Defendant are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

### Seventh Affirmative Defense

Defendant alleges that Plaintiff has expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff is barred from pursuing claims alleged in the Complaint.

### Eighth Affirmative Defense

Defendant had consent to make any calls or texts that it placed.

### Ninth Affirmative Defense

Plaintiff's claims against Defendant are barred because the TCPA does not permit Plaintiff to revoke consent after, as part of a bargained-for-exchange, she agreed to be contacted by Defendant.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of good-faith.

### Eleventh Affirmative Defense

Plaintiff lacks standing to assert the claims alleged in the Complaint.

### Twelfth Affirmative Defense

Defendant alleges that by Plaintiff's conduct, representations, and omissions, upon which Defendant detrimentally relied, Plaintiff is equitably estopped from asserting any claim for relief against Defendant.

### Thirteenth Affirmative Defense

Defendant alleges that Plaintiff is not entitled to any relief because Defendant conduct did not proximately cause any damages, injury or loss to Plaintiff.

### Fourteenth Affirmative Defense

Defendant is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff would receive more money than Plaintiff is entitled to receive.

### Fifteenth Affirmative Defense

Defendant alleges that by conduct, representations, and omissions, Plaintiff has waived, relinquished, and/or abandoned any claim for relief against Defendant respecting the matters that are the subject of the Complaint.

### Sixteenth Affirmative Defense

The damages Plaintiff seeks against Defendant violate the Due Process Clause of the United States Constitution, and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

### Seventeenth Affirmative Defense

Plaintiff's claims against Defendant are barred because the texts about which she complains constitute commercial speech protected by the First Amendment to the United States

Constitution and the imposition of liability on Defendant for such calls would violate its First Amendment rights.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred because Defendant did not engage in willful and/or knowing misconduct.

### Nineteenth Affirmative Defense

The alleged injuries and/or damages sustained by Plaintiff are the result of conduct of a person or persons over whom Defendant exercised no control.

### Twentieth Affirmative Defense

Defendant states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of her Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant Defendant such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff has requested a jury trial as set forth in the Complaint.

Dated: January 24, 2022

By**:** */s/ Michael F. Tuchalski*_____
Michael F. Tuchalski
Kohl's, Inc.
N56 W17000 Ridgewood Drive
Menomonee Falls, WI 53051
Telephone: (262) 703-7706
Email: michael.tuchalski@kohls.com
*Attorneys for Defendant Kohl's, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I served the within Defendant Kohl's, Inc.'s Answer to Plaintiff's Complaint via the Court's electronic filing system upon the following:

Nicholas E. Fairweather, Esq.
Hawks Quindel, S.C.
409 East Main Street
PO Box 2155
Madison, Wisconsin
Phone: (608) 257-0040
Fax: (608) 256-0236
Email: nfairweather@hq-law.com

Max S. Morgan, Esq.
The Weitz Firm LLC
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Email: max.morgan@theweitzfirm.com

*Attorneys for Plaintiff Jamie Blalack*


Dated: January 24, 2022 　　　　　　　　　　*/s/ Michael F. Tuchalski*
　　　　　　　　　　　　　　　　　　　　　Michael F. Tuchalski